Filed 8/15/23  P. v. Teague CA2/1
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GINGIE MIIUAAN TEAGUE,<br><br>    Defendant and Appellant. | B303076<br><br>(Los Angeles County<br>Super. Ct. No. TA024803) |

APPEAL from an order of the Superior Court of Los Angeles County, Laura R. Walton, Judge.  Affirmed.

Diane E. Berley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General and William H. Shin, Deputy Attorney General, for Plaintiff and Respondent.

_____

Defendant Gingie Miiuaan Teague appeals from the order denying her Penal Code section 1170.95 petition (subsequently renumbered as section 1172.6 effective June 30, 2022 (Stats. 2022, ch. 58, § 10)).[1]  Appointed counsel requested that this court review the record pursuant to the procedures set forth in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). After notice pursuant to *Wende*, *supra*, at p. 442 of her right to file a supplemental brief, Teague did not file a supplemental brief.  On August 21, 2020, we dismissed Teague's appeal as abandoned based on *People v. Cole* (2020) 52 Cal.App.5th 1023.  (*People v. Teague* (Aug. 21, 2020, B303076) [nonpub. opn.].)  The Supreme Court later ordered the opinion in *Cole* vacated.

The Supreme Court also ordered us to vacate our prior opinion and reconsider whether to exercise our discretion to conduct an independent review of the record or provide any relief in light of *People v. Delgadillo* (2022) 14 Cal.5th 216, 232–233 and footnote 6 (*Delgadillo*).  We vacated our prior opinion.  We now choose to exercise our discretion to conduct an independent review of the record pursuant to *Wende*, *supra,* 25 Cal.3d 436.

## BACKGROUND

Teague stabbed her 82-year-old neighbor, George Samuel, with a knife and took his radio.  Samuel died from his injuries.  After a bench trial, the court convicted Teague of second degree murder and found that she personally used a knife in the commission of the murder.  The court sentenced Teague to 16 years to life in prison.

---

[1] All undesignated statutory citations are to the Penal Code.

On May 6, 2019, Teague filed a petition for resentencing under former section 1170.95 (now section 1172.6), which the People opposed. The trial court denied Teague's resentencing petition because, among other reasons, she was the actual killer. Teague timely appealed.

After the Supreme Court remanded the case to this court, respondent filed a letter requesting this court send appellant notice that complies with *Delgadillo* or independently review the record. Teague's counsel agreed. No party filed a supplemental brief upon remand. Because our prior notice was "suboptimal" under *Delgadillo, supra*, 14 Cal.5th at p. 222, we now independently review the record pursuant to *Wende, supra*, 25 Cal.3d 436.

## DISCUSSION

"In Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437), the Legislature significantly narrowed the scope of the felony-murder rule. It also created a path to relief for defendants who had previously been convicted of murder on a felony-murder theory but who could not have been convicted under the new law. Resentencing is available under the new law if the defendant neither killed nor intended to kill and was not 'a major participant in the underlying felony [who] acted with reckless indifference to human life, as described in subdivision (d) of [Penal Code] Section 190.2.' [Citations.]" (*People v. Strong* (2022) 13 Cal.5th 698, 703.)

"A section 1170.95 petition must show that: '(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is

imputed to a person based solely on that person's participation in a crime . . . . [,] [and] [¶] (2) The petitioner was convicted of murder . . . following a trial . . . . [,] [and] [¶] (3) The petitioner could not presently be convicted of murder . . . because of changes to Section 188 or 189 made effective January 1, 2019.' [Citation.]" (*People v. Harden* (2022) 81 Cal.App.5th 45, 51.)

As a matter of law, Teague is not eligible for resentencing relief because the record of conviction establishes that she was the actual killer. (*Delgadillo*, *supra*, 14 Cal.5th at p. 233 [actual killer and only participant in the killing not entitled to any relief under § 1172.6].) The trial court found that Teague personally used a knife to kill Samuel. She was the only defendant charged in the information with Samuel's death. Therefore, notwithstanding the changes to sections 188 and 189, Teague was convicted under a still valid theory of murder. We have exercised our discretion to review the entire record independently (*Delgadillo*, *supra*, at pp. 232–233 & fn. 6), and find no arguable issue on appeal.

## DISPOSITION

The order denying Teague's petition for resentencing is affirmed.

<u>NOT TO BE PUBLISHED.</u>

BENDIX, J.

We concur:

ROTHSCHILD, P. J.          WEINGART, J.

4